IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 19-01715 RB |
| vs. | ) |
| | ) |
| **JAMES CHRISTOPHER BENVIE,** | ) |
| | ) |
| Defendant. | ) |

# UNITED STATES' MOTION *IN LIMINE*

The United States hereby moves files this Motion *in Limine* to preclude the defendant, James Benvie, from testifying or introducing other evidence regarding Department of Justice Policies or the defendant's legal theories regarding the required elements of the crimes with which he has been charged.

The defendant is charged with false personation of a United States Border Patrol Agent, in violation of 18 U.S.C. § 912, on April 15, 2019, and April 17, 2019. On each of these two dates, the defendant video-taped himself stating "United States Border Patrol" to groups of aliens illegally present in the United States. Following his statements of "United States Border Patrol," the defendant gave the aliens commands about what they should do and asked them questions regarding their nationality.

The elements of false personation of a Border Patrol agent are:

*First*: The defendant falsely assumed or pretended to be an officer or employee acting under the authority of the United States;

*Second*: the defendant knew that such assumption or pretension was false; and

*Third*: the defendant committed any act in the assumed role.

On multiple social media posts, the defendant has posted videos of himself discussing the charges against him and what he views as elements of the crimes that the United States must prove at trial. The defendant has also posted information regarding what he purports to be Department of Justice policy regarding when the United States should charge someone with false impersonation of a federal agent.

### A. The Defendant's Theories Regarding the Elements of the Crime Charged Are Not Admissible at Trial

The defendant, in social media posts, has stated that the government must prove that he not only falsely claimed to be a Border Patrol Agent, but also that he committed an overt act, apart from the false declaration itself. In the defendant's opinion, the government cannot prove that he committed such an act. The defendant is not an attorney, and has no specialized training in the law. Furthermore, even if the defendant were an attorney, it is the Court's job to instruct the jury, in the form of jury instructions given at the end of the trial, as to the law that applies to this case. At the conclusion of the trial, the Court will give a specific instruction to the jury as to the elements of the crime and what the United States is required to prove in order for the jury to find the defendant guilty. The defendant's opinion as to the state of the law or those elements is irrelevant and would be confusing for the jury. "Clearly, an opinion that purports to explain the law to the jury trespasses on the trial judge's exclusive territory." *United States v. Stewart*, 443 F.3d 273, 311 (2d Cir. 2006). In fact, such testimony is not proper even from a licensed attorney with expertise in the area of law about which they would testify. "Generally, the use of expert testimony is not permitted if it will 'usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'" *United States v. Duncan,* 42 F.3d 97, 101 (2d Cir.1994) (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1294 (2d Cir.1991)). Because the defendant's opinion as to the elements necessary to

support a conviction under 18 U.S.C. § 912 is irrelevant, any testimony or other evidence regarding the elements of the charged crime should be excluded from trial as under Fed.R.Crim.P. 402.

    B.    <u>Any Testimony or Evidence Regarding Department of Justice Policy is Irrelevant and Should be Excluded from Trial</u>

The defendant, in social media posts, also has discussed Department of Justice Policy regarding when the Government should bring charges for impersonation of a federal agent. In his social media posts, the defendant has cited to the now archived Criminal Resource Manual, which was formerly an attachment to the United States Attorney's Manual (USAM). The USAM was recently revamped and renamed the Justice Manual. At that same time, the Criminal Resource Manual was discontinued, and its contents were archived. According to the defendant's social media posts, he believes that the charges against him were brought in contravention of the former Department of Justice policy that was contained in the Criminal Resource Manual.

The United States does not concede that the former policy advised against the bringing of charges in cases such as the present one. Moreover, even if the defendant were correct that bringing of the charges was contrary to that former policy, the law is clear that Department of Justice guidelines and policies do not create any enforceable procedural or substantive rights for criminal defendants. *See United States v. Wilson,* 413 F.3d 382, 389 (3d Cir.2005); *See also, United States v. Gomez,* 237 F.3d 238, 241 n. 1 (3d Cir.2000) (noting that any argument by the defendant that the U.S. Attorney's Manual created rights entitling him to relief "would be against the weight of judicial authority"); *United States v. Fernandez,* 231 F.3d 1240, 1246 (9th Cir.2000) ("[I]t is clear that the USAM does not create any substantive or procedural rights.... The USAM explicitly states that '[t]he Manual provides only internal Department of Justice

guidance. It is not intended to, does not, and may not be relied upon to[,] create any rights, substantive or procedural, enforceable at law by any party in any manner civil or criminal.' " (quoting U.S. Attorney's Manual § 1–1.100)); *United States v. Blackley,* 167 F.3d 543, 548–49 (D.C.Cir.1999) (same); *United States v. Myers,* 123 F.3d 350, 356 (6th Cir.1997) (same); *United States v. Piervinanzi,* 23 F.3d 670, 682 (2d Cir.1994) (same); *United States v. Craveiro,* 907 F.2d 260, 264 (1st Cir.1990) (same). In fact, this very Court has found that, even in a death penalty case, the Department of Justice's death penalty procedures "do not create enforceable substantive or procedural rights for Defendant." *United States v. Lujan*, 530 F.Supp 2nd 1224, 1250-1251 (2008).

Because the Department of Justice policies do not create any procedural or substantive rights in a criminal case, the existence of those policies and the defendant's belief about how the policies relate to his own case is irrelevant. The aforementioned issues do not make any fact at issue in the trial more or less probable. *See* Fed.R.Crim.P. 401. Thus, any testimony or other evidence regarding Department of Justice current or former policies, or the defendant's interpretation of those policies as related to his own case, should be excluded from trial as irrelevant under Fed.R.Crim.P. 402.

Counsel for Defendant, Orlando Mondragon, opposes this motion.

C.     Conclusion

For the above reasons, the United States respectfully requests that the Court enter an Order preventing the defendant from testifying or introducing other evidence regarding: (1) the elements of 18 U.S.C. § 912, including what the government needs to prove in order to prove the

defendant guilty of false personation of a Border Patrol Agent; and (2) Department of Justice current or former policies, including how those policies might apply to the defendant's case.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*<u>Electronically filed on 2/7/2020</u>*
RENEE L. CAMACHO
RANDY M. CASTELLANO
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88011
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

/s/
RENEE L. CAMACHO
Assistant United States Attorney