IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **JAMES CHRISTOPHER BENVIE**, | ) | No. CR 19-1715 RB |
| | ) | |
| Defendant. | ) | |

## NOTICE OF OTHER ACTS EVIDENCE PURSUANT TO RULE 404(b)

Defendant James Christopher Benvie is charged with impersonating a federal officer, a violation of 18 U.S.C. § 912.   He is scheduled for trial on March 2, 2020.   The United States provides formal notice to Defendant that the United States intends to offer evidence at trial showing that the defendant participated in a child-cancer charity scam, both on a GoFundMe site and at convenience stores, and also held himself out to be a lawyer when he was not.   This evidence will be offered to show knowledge, intent, and lack of mistake as allowed by Federal Rule of Evidence 404(b).

### I.    Background

#### a. Prior Incidents: posting false statements on a GoFundMe page, panhandling for money, and posing as an attorney.

June 15, 2016 timeframe:    the defendant represented himself to be an attorney when he was not.   He called an attorney in a child custody dispute and posed as an attorney to opposing counsel for the father in the dispute.   He initially held himself out as counsel for the mother in the dispute before being confronted about his status.

July 7, 2016 timeframe:    the defendant took part in a GoFundMe campaign to raise money for a child undergoing cancer treatment when the proceeds were not going to the child's cancer

care.

March 20, 2017 timeframe:   the defendant was panhandling/collecting money at a convenience store/gas station in Georgia in the name of a child undergoing cancer treatment when, in fact, the money was not being collected for the child's treatment.

July 2, 2018 timeframe:   The defendant was arrested in Guthrie, Oklahoma for allegedly being in possession of a stolen Penske rental truck. A police officer reported the defendant, at the time of his arrest, had been set up at a restaurant asking for cash to help a child with cancer.   He had flyers that read, "Help Ryan Beat Cancer" and "100% of your donations goes directly to Ryan's trust account at BB&T Bank." The defendant was committing fraud by collecting donations for a child with cancer that he was unable to provide any information about.   The police seized about $140 that the defendant had collected.

June 21, 2019 timeframe:   the defendant was charged in Oklahoma with fraud after he was accused of running a scam in which he collected donations for a child who had been diagnosed with cancer.   During that arrest in Logan County, Oklahoma, the officer who made contact with the defendant noticed he was sitting at a table and claiming to be collecting cash for a child with cancer. The defendant claimed the child, a friend's son, had been diagnosed with brain cancer but, when asked, was unable to tell the officer the child's name.

The child's father had been searching for the defendant across four states after hearing he had been running the alleged scam.   This scheme was related to the others mentioned above.

### b.   Current Charges: False Personation of an Officer or Employee of the United States on April 15 and April 17, 2019

The defendant is charged with falsely impersonating a United States Border Patrol Agent on two occasions on April 15, 2019 and April 17, 2019, in violation of 18 U.S.C. § 912.   On

each of these dates, the defendant video-taped himself stating "United States Border Patrol" to groups of aliens illegally present in the United States.   Following these false claims, the defendant gave the aliens commands about what they should do and asked them questions regarding their nationality.

### II.   Argument

#### a.   Rule 404(b)

The United States moves for the admission of evidence concerning other acts by the defendant where he falsely assumes or pretends to be someone or something he is not.   Rule 404(b) provides that evidence of "other crimes, wrongs or acts" is not admissible for proving the character of the defendant but is admissible for "other purposes."   These "other purposes" include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."   FED. R. EVID. 404(b).

The prior acts need not be the subject of a prior conviction; the offering party need only provide evidence sufficient for a reasonable juror to find that the act occurred (i.e., the standard for conditional relevance under Rule 104(b)).   *Huddleston v. United States*, 485 U.S. 681, 689–90 (1988).   In the Tenth Circuit, courts apply the four-part test set out in *Huddleston* to determine the admissibility of 404(b) evidence:

> (1) [the] evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012) (quoting *United States v. Morris*, 287

F.3d 985, 990 (10th Cir. 2002)).   The trial court is afforded considerable discretion in determining

the admissibility of 404(b) evidence.   *See id.* (internal quotation omitted).

Additionally, the Tenth Circuit takes an inclusive–rather than exclusive–approach.   *See*

*United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009) (quoting *United States v. Tan*, 254

F.3d 1204, 1208 (10th Cir. 2001)).   Accordingly, evidence of other crimes or acts should be

admitted "except that which tends to prove *only* criminal disposition."   *Tan*, 254 F.3d at 1208

(internal quotation omitted) (emphasis in original).

### i.   The Evidence is Relevant and Offered for a Proper Purpose

"Evidence is offered for a proper purpose if it is utilized for any of the 'other purposes'

enumerated in Rule 404(b)."   *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011).

Here, the United States seeks to introduce the defendant's other acts to show knowledge, intent, or

absence of mistake, which are proper purposes under Rule 404(b).   The defendant is charged with

impersonating a federal agent.   The elements the United States must prove at trial include that he

falsely assumed or pretended to an officer or employee acting under authority of the United States

and that he knew that such assumption or pretension was false.   The defendant's knowledge,

intent, and lack of mistake are thus material issues in this case, and his prior instances of deceit are

relevant to these issues and the elements.   *United States v. McGlothin*, 705 F.3d 1254, 1263 (10th

Cir. 2013) ("[W]hen a defendant places his intent at issue, the defendant's prior acts of weapon

possession are relevant for the proper purpose of demonstrating the charged act of firearm

possession was knowingly undertaken.").   *See also*, *United States v. Farr*, 701 F.3d 1274, 1281

(10th Cir. 2012) (evidence of prior trust fund recovery penalties relevant under Rule 404(b) to

establish that defendant acted willfully in failing to pay the penalty at issue in the case); *United States v. Robbins*, 613 F.2d 688, 693-94 (8th Cir. 1979) (testimony showing a pattern of impersonation was permissible).

### ii. The Probative Value of the Evidence is not Substantially Outweighed by the Risk of Unfair Prejudice

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Although district courts have considerable discretion in performing Rule 403 balancing, "exclusion of evidence under Rule 403 . . . is an *extraordinary remedy* and should be used *sparingly*." *Tan*, 254 F.3d at 1211 (internal quotations omitted) (emphasis added). Unfair prejudice must do more than "damage the [d]efendant's position at trial." *Id*. Any relevant evidence of a defendant's crime is "by its nature detrimental to a defendant who asserts he is not guilty." *Id*. Thus, evidence is only unfairly prejudicial if "it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly* apart from its judgment as to his guilt or innocence of the crime charged." *Id*. at 1211–12 (emphasis in original). Furthermore, even if evidence is found to be unfairly prejudicial, it may only be excluded if such prejudice "*substantially* outweigh[s] the probative value of the evidence." *Id*. (emphasis in original).

Here, the probative value of the evidence is not outweighed by any risk of unfair prejudice. Indeed, whether the defendant pretended to be someone or something he was not will likely be the central issue that the jury must determine at trial. Thus, it is crucially important for the jury to hear all of the circumstances bearing on the decision they must make. Further, the incidents continued and ran into the time period leading up to charges and arrest in this case, and the

incidents therefore carry great probative value regarding the defendant's knowledge, intent, and

lack of mistake.    *See United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007) (holding that

a twenty-year-old conviction for being a felon in possession of a firearm still retained sufficient

probative value on the issue of knowledge to overcome exclusion under Rule 403 in a current trial

for felon in possession of a firearm).    And finally, any risk of unfair prejudice can be cured with

a limiting instruction to the jury informing them that they are only to consider the evidence for the

purpose of assessing the defendant's knowledge, intent, and lack of mistake.    Therefore, because

the probative value of the evidence is great and any minimal risk of unfair prejudice can be cured

through a limiting instruction, the Court should not invoke the extreme remedy of exclusion under

Rule 403.

### b. The Evidence is also Admissible to Challenge the Defendant's Credibility if he Testifies at Trial

If the defendant testifies at trial, his credibility will be crucial for the jury to determine

when assessing the central issue in this trial: whether he knowingly impersonated a Border Patrol

Agent on two occasions.    Such a circumstance weighs in favor of admitting evidence of the

defendant's prior acts of deceit to impeach his testimony.    Therefore, the probative value of the

defendant's prior acts outweighs any prejudicial effect that their admission may have on him.

### III.    Conclusion

The United States asserts that evidence of the defendant pretending to be something he

wasn't on at least three separate occasions in the months leading up to the offense charged is

admissible in this case to show knowledge, intent, and absence of mistake under Rule 404(b).

Therefore, the United States respectfully asks the Court to admit the proposed evidence at his trial.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

***Filed electronically on 2/10/2020***
RANDY M. CASTELLANO
RENEE L. CAMACHO
Assistant United States Attorneys
200 N. Church Street
Las Cruces, New Mexico 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

I hereby certify that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to all counsel of record.


—————————— /s/ ——————————
RANDY M. CASTELLANO
Assistant United States Attorney