IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO.  19-CR-1715-RB |
| | § | |
| JAMES CHRISTOPHER BENVIE | § | |
| Defendant. | | |

DEFENDANT'S  RESPONSE TO GOVERNMENT'S NOTICE OF
OTHER ACTS EVIDENCE PURSUANT TO RULE 404(b) (Doc. 34)

1.      Defendant, **James Christopher Benvie,** is charged with impersonating a federal officer in violation of 18 U.S.C. §912.  Specifically, Benvie is alleged to have claimed to be a Border Patrol Officer while detaining undocumented immigrants who had recently crossed from Mexico.  The Government through its notice seeks to introduce an allegation the Benvie participated in a child-cancer scam and held himself out to be an attorney when he was not.  It is alleged that Benvie was attempting to raise funds for a child that had cancer but those funds were not going toward the child or the treatment. The purpose of seeking its admission is to show knowledge, intent, and lack of mistake as it relates to this offense.

2.      Evidence of crimes, wrongs, or other acts is prohibited under the Federal Rules of Evidence when used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.  Fed. R. Evid. 404(b)(1); *See also United States v. Henthorn,* 864 F.3d 1241 (10th Cir. 2017).   However, such evidence is admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

1

3.      In *Huddleston v. United States,* 485 U.S. 681 (1988), the Supreme Court created a

four part test to determine whether evidence is admissible under 404(b)(2):

> 1)  The evidence must be offered for a proper purpose under Rule 404(b);
> 2)  The evidence must be relevant under Rule 401;
> 3)   The probative value of the evidence must not be substantially outweighed by
>      it potential for unfair prejudice under Rule 403; and
> 4)  The district court, upon request, must have instructed the jury pursuant to Rule
>      105 to consider the evidence only for the purpose for which it was admitted.

The admissibility of evidence under Rule 404(b) "involves a case-specific inquiry that is

within the district court's broad discretion." *United States v. Mares,* 441 F.3d 1152, 1157

(10th Cir.  2006) (citing *United States v. Olivo,* 80 F.3d 1466, 1469 (10th Cir. 1996).

Furthermore, "the threshold inquiry a court must make before admitting similar acts

evidence under Rule 404(b) is whether that evidence is probative of a material issue other

than character." *Huddleston* at 686.  "In order to aid the district court's determination of

whether evidence is offered to prove an issue other than character, the government must

precisely articulate the purpose of the proffered evidence.  *U.S. v. Commanche,* 577 F.3d

1261, 1267 (10th Cir. 2009) (quoting *United States v. Birch,* 39 F.3d 1089, 1093 (10th

Cir. 1994).  In other words, the prosecution must "precisely" articulate an "evidentiary

hypothesis" which explains the purpose the evidence will serve at trial. *U.S. v. Harrison,*

942 F.2d 751, 759 (10th Cir. 1992).

**Proper Purpose:**

4.      Under *Commanche,* the proposed evidence "is admissible under Rule 404(b) only

if it is relevant for a permissible purpose and that relevance does not depend on a

defendant likely acting in conformity with an alleged character trait."  *Id.* at 1267. *Citing*

*United States v. Himelwright,* 42 F.3d 777, 782 (3d Cir 1994) (When evidence of prior

bad acts is offered, the proponent must clearly articulate how that evidence fits into a

chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged."; *and also citing* Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:28, at 746-47 (3d ed. 2007) ("[P]roof offered [of other bad acts] is not saved from the principle of exclusion by the mere fact that it supports a specific inference to a point like intent if the necessary logical steps include an inference of general character of propensity…").

5.      The government has proffered the evidence to show knowledge, intent, and lack of mistake as it relates to this offense. However, in the proffer, the government must allege with specificity how the proposed purpose and relevance do not rely on general propensity. *Commanche,* 577.F.3d at 1267 ("Because of the rule's structure, we do not read the permissible purposes demarcating the boundaries of 404(b)'s prohibition on propensity inferences as trumping the general proscription contained in the rule").

6.      The prejudice of using bad act evidence improperly is manifest"

> The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge.  The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise, and undue prejudice.

*Commanche,* 577 F.d at 1268, *quoting from Michelson v. United States,* 335 U.S. 469, 475-76.  The *Commanche* court therefore concluded: "Were we to condone the use of 404(b) evidence that reflects on a permissible purpose only if a jury first concludes that the defendant acted in conformity with a particular trait, we would undercut the primary operative effect of the rule—to exclude a form of relevant evidence that is highly prejudicial." *Commanche* at 1268.

7.      In this case, the jury could use the child-cancer scam incident to support a finding

that Mr. Benvie impersonated Border Patrol if the jury first concluded that Mr. Benvie

had a propensity to commit acts of fraud, that the child-cancer scam was an incident that

expressed that propensity, and that this offense is another such incident.  Here, that

purpose is improper because it necessarily requires the jury to first conclude that Mr.

Benvie likely acted in conformity with his alleged propensity to "commit fraudulent

acts."

**Relevance:**

8.      Regarding the second part of the 404(b) test, as pertinent here evidence is relevant

if "it has any tendency to make a fact more…probable than it would be without the

evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 402.

The  child-cancer scam is potentially relevant only if the Government can prove that the

child-cancer scam is true.  Secondly the child-cancer scam adds nothing to determine

whether Mr. Benvie impersonated a Border Patrol Agent.

**Rule 403:**

9.      Fed. R. Evid. 403 states"

> The court may exclude relevant evidence if its probative value
> is substantially outweighed by a danger of one or more of the
> following: unfair prejudice, confusing the issues; misleading the
> jury, undue delay, wasting time, or needlessly presenting
> cumulative evidence.

10.     Additionally,

> Evidence is unfairly prejudicial if it makes a conviction more
> likely because it provokes an emotional response in the jury
> or otherwise tends to affect adversely the jury's attitude toward
> the defendant wholly apart from its judgment as to his guilt
> or innocence of the crime charged.

*U.S. v. Mackay,* 715 F.3d 807, 840 (10th Cir. 2013).

11.     To the extent the child-cancer scam may have a tendency to show that Mr. Benvie impersonated a Border Patrol agent, any such tendency is low because it is based on conduct that Mr. Benvie has not been tried for and adamantly denies.   The low probative value is substantially outweighed by the danger of unfair prejudice posed by the evidence of the child-cancer scam.

12     Furthermore, the child cancer-scam will result with a trial within a trial which will result in the jury confusing the issues, mislead the jury, and wasting time on collateral matters.[1]

        **WHEREFORE,** Defendant Benvie respectfully requests the Court find that the noticed 404(b) evidence be disallowed.

                                        Respectfully submitted,

                                        */s/ Orlando Mondragon*
                                        Orlando Mondragon
                                        Attorney for Defendant
                                        State Bar No. 21803
                                        1028 Rio Grande
                                        El Paso, Texas 79902
                                        (915) 566-8181

---

[1] In the case of Mr. Benvie, the best evidence is the videos the government will probably introduce in which it is believed that Mr. Benvie is heard saying Border Patrol to undocumented aliens.  Unlike the case in *United States v. Henthorn,* 864 F.3d 1241 (10th Cir. 2017) where 404(b) evidence was essential for the government to make its case because there was a lack of physical evidence and eyewitness testimony, that is not the case in this case as the government has the best evidence in the form of the video and reference to the child-cancer scam will only result in unfair prejudice against Mr. Benvie.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February 2020, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to all counsels of record in this cause.


*/s/ Orlando Mondragon*
Attorney for James Christopher Benvie