IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                             No: 2:19-cr-01715-RB-1

JAMES CHRISTOPHER BENVIE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    Defendant Christopher Benvie is charged with impersonating a Border Patrol Agent under 18 U.S.C. § 912. Before the Court are two pretrial motions: (1) the government's Motion in Limine to exclude certain testimony from Benvie (Doc. 33) and (2) the government's Notice of intent to include evidence of prior bad acts under Rule 404 (Doc. 34). Having reviewed the parties' submissions and arguments, the Court will grant in part the Motion in Limine, and conditionally allow the Rule 404 evidence.

**I.    Background**

    On April 15, 2019 and April 17, 2019, Benvie is alleged to have "falsely assumed and pretended to be an officer and employee acting under the authority of the United States." (Doc. 2.) Specifically, he is charged with impersonating a Border Patrol Agent under 18 U.S.C. § 912, which holds that:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 912. Benvie allegedly filmed himself confronting illegal immigrants, claiming to work for Border Patrol. (Doc. 33 at 1.) Moreover, he made various commands to the immigrants and "asked them questions regarding their nationality." (*Id.*) After being charged, Benvie "posted videos of himself discussing the charges against him and what he views as elements of the crimes that the United States must prove at trial." (*Id.* at 2.)

## II.     Motion in Limine

The Federal Rules of Evidence state that "[i]rrelevant evidence is not admissible," and "[r]elevant evidence is admissible unless" prohibited by federal law. Fed. R. Evid. 402. Relevant evidence "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401 (alteration in original). Further, the Court can "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice typically occurs when evidence would elicit an emotional response—not simply because it affects an opposing party's case. *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999). And as long as the testimony is not unnecessarily cumulative or repetitive, the Court will not view it as a waste of time or causing delay. *United States v. Dalton*, 918 F.3d 1117, 1133 (10th Cir. 2019). Still, whether to admit evidence is within the district court's discretion, *see United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999), but the Tenth Circuit cautions that courts should be cognizant that exclusion is "an extraordinary remedy and should be used sparingly." *United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010) (quoting *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (internal quotation marks and citation omitted)).

2

### a. Benvie's testimony regarding the legal elements of 18 U.S.C. § 912.

The government seeks to preclude Benvie's "theories regarding the elements of the crime charged." (Doc. 33 at 2 (capitalization altered).) It argues that the "defendant is not an attorney, and has no specialized training in the law. . . . [I]t is the Court's job to instruct the jury, in the form of jury instructions given at the end of the trial, as to the law that applies to this case." (*Id.*) Therefore, Benvie's description of the legal elements is "irrelevant." (*Id.*)

In the government's Motion in Limine, it describes the elements of 18 U.S.C. § 912 as follows:

> *First*: The defendant falsely assumed or pretended to be an officer or employee acting under the authority of the United States;
>
> *Second*: the defendant knew that such assumption or pretension was false; and
>
> *Third*: the defendant committed *any act* in the assumed role.

(Doc. 33 at 1 (emphasis added).) At the same time, the Tenth Circuit Pattern Jury Instructions describe section 912 in this way:

> *First*: the defendant falsely [assumed] [pretended] to be an [officer] [employee] acting under the authority of the United States;
>
> *Second*: the defendant knew that such assumption or pretension was false; and
>
> *Third*: while acting in such [assumed] [pretended] character, the defendant [demanded] [obtained] [money] [something of value].

10th Cir. Pattern Jury Instructions (Criminal) § 2.40. Therefore, some disagreement about the jury instruction language exists between the parties regarding the third element of the crime.

Circuit courts have debated what section 912's phrase "acts as such" signifies. On the one hand, some circuits believe that impersonation itself is all that is necessary under 18 U.S.C. § 912, without any additional action. *See United States v. Gayle*, 967 F.2d 483, 488 (11th Cir. 1992); *United States v. Cohen*, 631 F.2d 1223, 1224 (5th Cir. 1980). While an overt act need not fully adhere to the actions a law enforcement officer would take, other circuits have required more than

3

mere impersonation. *See United States v. Robbins*, 613 F.2d 688, 692 (8th Cir. 1979); *United States v. Rosser*, 528 F.2d 652, 657–57 (D.C. Cir. 1976). The Tenth Circuit has relied on language in the Supreme Court's *United States v. Barnow* opinion that holds,

> "to act as such" means no more than to assume to act in the pretended character. It requires something beyond the false pretense . . . ; there must be some act in keeping with the pretense; but it would strain the meaning of the section to hold that the offender must act as a veritable officer of the government would act.

*United States v. Neidlinger*, 354 F. App'x 357, 361 (10th Cir. 2009) (quoting *United States v. Barnow*, 239 U.S. 74, 77 (1915)). In *Neidlinger*, an individual flashed a badge pretending to be a U.S. Marshal demanding an audience with a mayor—an action that went "beyond the original impersonation." *Id.* The court held that contrary to the defendant's interpretation, he did not need to perform an "official act" of a U.S. Marshal. *Id.* at 362. The Tenth Circuit therefore defines the test to include (1) a false representation and (2) "act[ing] as such." *Id.* at 363. With this ruling, the government's version of the instruction seemingly conforms to circuit precedent, but the Court will ultimately determine which jury instructions to present.

Taking all this, Benvie will not be permitted to discuss his interpretation of the law after the Court delivers its instructions. The Court will draft jury instructions with participation from the government and the Defendant. Any additional testimony from Benvie creates a risk of jury confusion. At the same time, the Tenth Circuit noted that "acts as such" is not clearly defined and fact-specific. Therefore, Benvie may discuss how his actions fit into the Court's proffered legal framework, and the government will be free to object if it believes that Benvie's comments constitute legal conclusions.

### b. Testimony regarding DOJ policies

In addition, the government argues that "any testimony or evidence regarding [DOJ] Policy is irrelevant and should be excluded from trial." (Doc. 33 at 3 (capitalization altered).) On social

media, Benvie cited the "now archived Criminal Resource Manual," which allegedly argued that DOJ should not pursue section 912 actions. (*Id.*) The U.S. Attorney's Manual "was recently revamped and renamed the Justice Manual," and the "Criminal Resource Manual was discontinued." (*Id.*) The government contends that even if the old policies recommended that the DOJ not bring these charges, "the law is clear that [DOJ] guidelines and policies do not create any enforceable procedural or substantive rights for criminal defendants." (*Id.*)

Here, the government's argument is correct. The Court does not need to treat DOJ policy as law, and the decision to bring these charges against Benvie is within the discretion of the U.S. Attorney's Office as long as 18 U.S.C. § 912 remains good law. Benvie will claim that old policies recommend against bringing such charges, but the Tenth Circuit has addressed section 912 crimes at various times. *See, e.g.*, *United States v. Ramos-Arenas*, 596 F.3d 783, 785 (10th Cir. 2010); *United States v. Neidlinger*, 354 F. App'x 357, 358 (10th Cir. 2009). That the U.S. Attorney could have decided not to bring these charges is irrelevant, and the Court will not allow Benvie to spend time discussing DOJ policy and U.S. Attorney discretion. Even if the evidence was relevant, it is likely that it would confuse issues for a jury and delay the proceedings in contravention of Rule 403. Thus, the Court will not allow testimony on DOJ policy.

### III. Rule 404 Other Acts Evidence

The government next intends to include evidence that Benvie "participated in a child-cancer charity scam, both on a GoFundMe site and at convenience stores . . . ." (Doc. 34 at 1.) Benvie allegedly collected "money at a convenience store/gas station in Georgia in the name of a child undergoing cancer treatment when, in fact, the money was not being collected for the child's treatment." (*Id.* at 2.) He was "charged in Oklahoma with fraud after he was accused of running a scam in which he collected donations for a child who had been diagnosed with cancer." (*Id.*) In

addition, Benvie "represented himself to be an attorney when he was not . . . . in a child custody dispute and posed as an attorney to opposing counsel for the father in dispute." (*Id.* at 1.)

According to the Federal Rules of Evidence: "Evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Inclusion requires (1) proper purpose, (2) relevance, (3) probative value that outweighs prejudice, and potentially (4) a limiting instruction to the jury. *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988); *see also United States v. Henthorn*, 864 F.3d 1241, 1255 (10th Cir. 2017) (applying *Huddleston*). The Tenth Circuit allows such evidence when the conduct is sufficiently similar and within a reasonable period of time. *United States v. Ramirez*, 63 F.3d 937, 943–44 (10th Cir. 1995); *see also United States v. Gutierrez*, 696 F.2d 753, 755 (10th Cir. 1982) (requiring that the evidence show a "signature quality" to the crime). "[T]o prove identity, evidence of prior illegal acts need not be identical to the crime charged"; it only needs to closely resemble the conduct. *United States v. Shumway*, 112 F.3d 1413, 1420 (10th Cir. 1997) (citations omitted). Aspects of this analysis include: "geographic location; the unusual quality of the crime; the skill necessary to commit the acts; or use of a distinctive device." *United States v. Smalls*, 752 F.3d 1227, 1238 (10th Cir. 2014) (citation omitted). This evidence of past criminal activity, however, must be introduced for a proper purpose; it cannot be used to demonstrate criminal disposition. *Tan*, 254 F.3d at 1208.

The government intends to include the prior acts evidence "to show knowledge, intent, or absence of mistake." (Doc. 34 at 4.) The elements of 18 U.S.C. § 912 require that Benvie knew he was falsely assuming the role of a federal officer, so his "knowledge, intent, and lack of mistake are thus material issues in this case, and his prior instances of deceit are relevant to these issues

and the elements." (*Id.*) Such evidence does not create unfair prejudice because "whether the defendant pretended to be someone or something he was not will likely be the central issue that the jury must determine at trial." (*Id.* at 5.) Moreover, these prior acts are also admissible "to challenge the defendant's credibility if he testifies at trial." (*Id.* at 6 (capitalization altered).) At the same time, Benvie contends that the government is not introducing this evidence for a proper purpose, and that "the child-cancer scam adds nothing to determine whether [the Defendant] impersonated a Border Patrol Agent." (Doc. 35 at 4.) And finally, the "low probative value is substantially outweighed by the danger of unfair prejudice posed by the evidence of the child-cancer scam." (*Id.* at 5.)

The Court will admit a limited version of this evidence. Rule 404 evidence may be included for the purpose of showing knowledge, intent, and absence of mistake. *See* Fed. R. Evid. 404(b)(2). Here, the government is trying to show that Benvie's past fraudulent behavior indicates that the alleged impersonation could not have been an accident or mistake—that he knowingly acted as a Border Patrol Agent. The government thus introduces this evidence for reasons beyond proving bad character or criminal disposition. Evidence is relevant if it has "any tendency to make a fact [of consequence] more or less probable." Fed. R. Evid. 401. This is the case when the acts are similar in nature and time, or if it shows a particular state of mind necessary for the crime at issue. *United States v. Bonnett*, 877 F.2d 1450, 1461 (10th Cir. 1989). Though the actions are somewhat different, Benvie has a history of holding himself out as an attorney and fundraiser when he was neither of those things. The Court will allow evidence that demonstrates Benvie's history of fraudulent behavior, but the specific details of the GoFundMe scheme are prejudicial and likely to elicit an emotional response from the jury. Therefore, the Court will limit the 404 testimony to Benvie's history of engaging in fraudulent activities and not allow the government to discuss the

details of that case—exploiting a sick child to collect money. In the event that Benvie testifies, the government will be free to cross-examine related to these issues.

**THEREFORE**,

**IT IS ORDERED** that the government's Motion to in Limine (Doc. 33) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Rule 404 evidence (Doc. 34) is **GRANTED IN PART**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**