IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR -3 2020

MITCHELL R. ELFERS
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-cr-01715-RB-1 |
| JAMES CHRISTOPHER BENVIE, | ) |
| Defendant. | ) |

## COURT'S JURY INSTRUCTIONS

*Robert Brack*
03.03.20

# INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

# INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

# INSTRUCTION NO. 3

The government has the burden of proving JAMES CHRISTOPHER BENVIE guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

# INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

# INSTRUCTION NO. 5

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

6

# INSTRUCTION NO. 6

I remind you that it is your job to decide whether the government has proved the guilt of JAMES CHRISTOPHER BENVIE beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including JAMES CHRISTOPHER BENVIE who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either the government or the defense?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which he or she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

7

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## INSTRUCTION NO. 7

You will note that the indictment charges that the crimes were committed on or about April 15, 2019 and April 17, 2019. The government must prove beyond a reasonable doubt that the Defendant committed the crimes reasonably near those dates.

# INSTRUCTION NO. 8

You are here to decide whether the government has proved beyond a reasonable doubt that JAMES CHRISTOPHER BENVIE is guilty of the crimes charged. The Defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

# INSTRUCTION NO. 9

If you find JAMES CHRISTOPHER BENVIE guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

INSTRUCTION NO. 10

JAMES CHRISTOPHER BENVIE is on trial before you upon an Indictment brought by the Grand Jury charging as follows:

### COUNT 1

On or about April 15, 2019, in Doña Ana County, in the District of New Mexico, the defendant, **JAMES CHRISTOPHER BENVIE**, falsely assumed and pretended to be an officer and employee acting under the authority of the United States and any department and agency thereof, that is, an Agent of the United States Border Patrol, and, in such assumed and pretended character, acted as such.

In violation of 18 U.S.C. § 912.

### COUNT 2

On or about April 17, 2019, in Doña Ana County, in the District of New Mexico, the defendant, **JAMES CHRISTOPHER BENVIE**, falsely assumed and pretended to be an officer and employee acting under the authority of the United States and any department and agency thereof, that is, an Agent of the United States Border Patrol, and, in such assumed and pretended character, acted as such.

In violation of 18 U.S.C. § 912.

# INSTRUCTION NO. 11

The defendant, JAMES CHRISTOPHER BENVIE, is charged in Counts 1 and 2 with violations of 18 U.S.C. section 912. False Personation of an Officer or Employee of the United States.

This law makes it a crime to falsely pretend to be an officer or employee acting under the authority of the United States or any department, agency, or officer thereof, and to act as such.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant falsely assumed or pretended to be an officer or employee acting under the authority of the United States;

*Second*: the defendant knew that such assumption or pretension was false; and

*Third*: the defendant committed any act within the assumed role.

The United States Border Patrol is a department or agency of the United States within the meaning of that law.

# INSTRUCTION NO. 12

You have heard evidence of other crimes, acts, and wrongs engaged in by JAMES CHRISTOPHER BENVIE. You may consider that evidence only as it bears on the defendant's intent, knowledge, and absence of mistake or accident and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

# INSTRUCTION NO. 13

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also shown transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

# INSTRUCTION NO. 14

In a moment, Ms. Chavez will escort you to the jury room and provide you with six copies of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Instagram, Facebook, SnapChat, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided,

17

either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the Court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.