IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO.   19-CR-1715-RB |
| JAMES CHRISTOPHER BENVIE | § | |

### OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

JAMES CHRISTOPHER BENVIE, by and through his attorney, ORLANDO MONDRAGON, files these objections to the Probation Department's Pre-Sentence Investigation Report ("PSR"):

**I. OBJECTIONS PARAGRAPHS 26 AND 32: 6 LEVEL INCREASE UNDER USSG §2J1.4(b)(1)**

1. Mr. Benvie objects to receiving a six level increase under USSG §2J1.4(b)(1). USSG §2J1.4(b)(1) reads, "If the impersonation was committed for the purpose of conducting an unlawful arrest, detention, or search, increase by 6 levels." Mr. Benvie still denies committing the offense; however, even if he did commit it, he did not commit it with the purpose of conducting an unlawful arrest, detention, or search. His intent was never to arrest, detain, or search these individuals. His intent was to prevent them from gaining illegal entry into the United States and make Border Patrol aware of their presence. The testimony and evidence clearly establish that he did not arrest or search the illegal aliens.

2. An arrest is defined using an objective standard: whether "the suspect's freedom of action is curtailed to a degree associated with formal arrest." *Park v. Shiflett,* 250 F.3d 843, 850 (4th Cir. 2001). There freedom was never curtailed to a degree associated with a formal arrest. They were never under arrest as he never placed them in any handcuffs or

restrained them in any form. Furthermore, he never engaged in a search of their persons or property.

3.      The only real possible issue is whether Mr. Benvie detained the individuals. Again, a detention never occurred as Mr. Benvie never restricted the undocumented aliens' liberty.  They were free to leave at any time.  In the first encounter, the Border Patrol agent taking possession of the illegal aliens testified that the aliens were turning themselves in and cooperative.  *Trial transcript, Vol. 1, pg. 119.*   Therefore, these individuals were never detained as they themselves were surrendering.

4.      Alternatively, Mr. Benvie will argue that his arrest or detention of the undocumented illegal aliens was not an unlawful arrest or detention.  Mr. Benvie alleges he was conducting a citizen's arrest under the state laws of New Mexico.  A person has a common-law right to "arrest for a breach of the peace committed in his presence, as well as for a felony." *Downs v. Garay*, 106 N.M. 321, 323, 742 P.2d 533, 535 (Ct. App. 1987). A felony does not have to been committed as long as the arrestor has a good-faith, reasonable belief that a felony had been or was being committed based on the arrestee's overt acts or other trustworthy information.  *State v. Johnson,* 122 N.M. 696, 930 P.2d 1148 (Sup. Ct. NM 1996).  Mr. Benvie believed the illegal aliens were breaching the peace by illegally entering the country.  He further believed that some of these individuals were committing felonies as they have had prior removals.[1]  Therefore, the arrests or detentions were not unlawful.

## II.     **<u>OBJECTIONS TO PARAGRAPHS 29 AND 35 FOR OBSTRUCTION OF JUSTICE</u>**

---

[1] Agent Slozar testified that individuals coming in illegally had other offense besides just their illegal entry. *Trial transcript, Vol 1, pg. 57).*

5.  The PSR imposes a 2 level increase because Mr. Benvie testified falsely thereby committing perjury. Specifically, the PSR in paragraph 20 states that Mr. Benvie testified that he was given the authority to question and detain migrants on behalf of the Border Patrol. A supervising agent testified that he nor anyone under his command gave permission to Mr. Benvie and his group to detain migrants. Based on this contradicting testimony, the PSR awarded a 2-level upward adjustment under USSG §3C1.1

6.  USSG §3C1.1 authorizes a 2-level upward adjustment if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction. Mr. Benvie testified differently from the agents, but that does not mean his testimony is perjured.[2] The fact that the jury found him guilty does not make his testimony perjured. *See United States v. Markum,* 4 F.3d 891, 897 (10th Cir. 1993). In *Markum,* the Court held that "the mere fact that a defendant testifies to his or her innocence and is later found guilty by the jury does not automatically warrant a finding of perjury. An automatic finding of untruthfulness, based on the verdict alone, would impinge upon the constitutional right to testify on one's own behalf." It further held that the district Court must make "a specific finding that independent of the jury verdict, defendant committed perjury." The Court has not made a specific finding the perjury was committed; therefore, the 2-level increase is not warranted.

---

[2] Agent Slokan testified that he nor his agents ever gave permission to the constitutional patriots to act on border patrol's behalf. *Trial Transcript, Vol. 1, pg. 34.* However, he also testified that he never spoke to them personally and was only briefed by his agents, but there is no way Agent Slokan can know for sure what his agents and Mr. Benvie talked about or if they gave him authorization to act on their behalf because he was not present during their conversations. *Trial transcript, Vol. 1, pg. 59.*

Therefore, Mr. Benvie asks that these objections be granted.  If these objections are granted, Mr. Benvie's final adjusted offense level will be 8 with criminal history category I.

        Respectfully submitted,

        */s/ Orlando Mondragon*
        ORLANDO MONDRAGON
        Attorney for Defendant
        SBN: 24013183
        1028 Rio Grande
        El Paso, TX 79902
        (915) 566-8181

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2020, I electronically filed the foregoing Defendant's Objection to Pre-Sentence Investigative Report using the CM/ECF system, which will send notification of such filing to Assistant United States Attorney assigned to this case.

                                                    _/s/ ORLANDO MONDRAGON_
                                                    Attorney for Defendant